```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

KEITH D. WASHINGTON,                )
                                    )
        Plaintiff, pro se,          )
                                    )
            v.                      )
                                    )
EQUAL EMPLOYMENT OPPORTUNITY        )
COMMISSION [EEOC];                  )
                                    )
ROBERT L. SANDERS, in his individual )  C.A. No. 05-10619-DPW
and Official Capacity as, EEOC-     )
Director Boston Area Office; and    )
                                    )
EDITH KESSLER, in her individual and )
official Capacity as Investigator at )
EEOC-BOSTON,                        )
                                    )
        Defendants.                 )
```

                    ORDER ON APPLICATION TO
               PROCEED WITHOUT PREPAYMENT OF FEES

Now before the Court is plaintiff's application to proceed without prepayment of fees and affidavit under 28 U.S.C. § 1915. For the reasons stated below, the Court denies the application.

I.   FACTUAL BACKGROUND

On March 8, 2005, Washington filed the present lawsuit, in which he alleges that the defendants violated his due process rights and defamed him in conjunction with the adjudication of a claim Washington filed with the Equal Employment Opportunity Commission.  Instead of paying the $250.00 fee assessed for commencing a civil action, Washington filed a pleading captioned as an "Affidavit in Support of Motion for Leave to file district Court Compliant [sic] In Forma Pauperis," in which Washington swears that he cannot prepay the $250.00 filing fee.  Washington

attached to the affidavit a copy of the financial information he purportedly submitted to the First Circuit in December 2004 in conjunction with his request to proceed in forma pauperis on a petition for a writ of mandamus.  According to this information, Washington and his spouse had a combined income of $76,800 for the time period from December 2003 through December 2004, $45,600 of which consisted of veteran's and disability payments to Washington.  Washington owns a home in Stone Mountain, Georgia valued at $210,000, and two automobiles, one valued at $9,000, the other worth $2,500.  Washington has indicated that he does not expect his financial situation to be significantly different in 2005.

    This lawsuit is the fifth lawsuit Washington has brought based on the events surrounding the termination of his employment at State Street Bank and Trust Company ("State Street") in 1996, the subsequent refusal of State Street's disability coverage plan administrator to grant Washington disability benefits, and the adjudication of Washington's administrative claims.  See Washington v. State Street Bank & Trust Co., C.A. No. 98-11868-DPW ("Washington I"); Washington v. State Street Bank & Trust Co., C.A. No. 98-12483-DPW ("Washington II");  Washington v. State Street Bank & Trust Co., C.A. No. 99-12419-DPW ("Washington III"); Washington v. Massachusetts Comm'n Against Discrimination, C.A. No. 04-12141-DPW ("Washington IV").  Washington was unsuccessful in each lawsuit: the Court disposed of each case by

granting the defendants' motions for dismissal or summary judgment. Similarly, his numerous appeals to the First Circuit have not provided him any substantive relief.

In Washington I and Washington III, Washington filed, and the Court granted, applications to proceed in forma pauperis. In the Washington II and Washington IV, Washington did not move for permission to proceed in forma pauperis and simply paid the filing fees. Among the fourteen appeals filed by Washington arising from his previous actions, the First Circuit permitted him to proceed in forma pauperis five times. Washington paid the filing fee five times, and the dockets for the other four appeals indicate that the filing fee is "due."

II. DISCUSSION

In enacting the federal in forma pauperis statute, now codified at 28 U.S.C. § 1915, "Congress 'intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible ... to pay or secure the costs' of litigation." Denton v. Hernandez, 504 U.S.25, 31 (1992) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948) (alteration in original)). While a litigant does not have to be "absolutely destitute to enjoy the benefit of the statute," in forma pauperis status is nonetheless reserved only for those who cannot pay the filing fee "and still be able to provide

[themselves] and dependents with the necessities of life. Adkins, 335 U.S. at 339 (internal quotation marks omitted). Further, "[l]eave to file a claim in forma pauperis has always been a matter of grace, a privilege granted in the court's discretion ...." Ibrahim v. District of Columbia, 208 F.3d 1032, 1036 (D.C. Cir. 2000).

Although Washington's reported financial obligations–a mortgage, car payments, a child's college expenses, support to elderly parents, etc.--may make the $76,800 yearly income received by him and his wife quickly disappear, the Court concludes that Washington is not entitled to proceed in forma pauperis. Although Washington is not necessarily living extravagantly, is difficult to justify bestowing in forma pauperis status to someone who can afford to make a $2,077 mortgage payment every month and has a sizeable household income compared to the income of other non-prisoner litigants for whom the Court has waived the filing fee.[1]

---

[1] Compare United States v. Valdes, 300 F. Supp. 2d 82 (D.D.C. 2004) (defendant not entitled to in forma pauperis certification on his criminal appeal, in light of his reported monthly income of $2,116 from jobs, $450 monthly income from a tenant, $80,000 of equity in real estate, and ownership of two fairly new automobiles with a combined value of approximately $30,00), and Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 686 F. Supp. 385, 388 (N.D.N.Y.), aff'd, 865 F.2d 22 (1988) (litigant was not entitled to proceed in forma pauperis where he and his wife had a combined annual income between $34,000 and $37,000; litigant's access to the court had not been "blocked by his financial condition; rather, he is merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case" (internal

Further, the denial of Washington's application will not have the effect of denying Washington the opportunity to prosecute his claims.  As noted above, Washington has already brought four lawsuits concerning his former employment and the claim of discrimination at issue in this lawsuit, and he has enjoyed <u>in forma pauperis</u> for two of these cases.  He has had more than ample opportunity in the past to assert the claims he brings in the present lawsuit.  In this connection, I observe that the claims he now raises against the EEOC appear factually and legally very similar to those he asserted against the Massachusetts Commission Against Discrimination.  <u>See</u> <u>Washington IV</u>.

CONCLUSION

ACCORDINGLY, the application to proceed without prepayment of fees is therefore DENIED.  If the plaintiff does not pay the $250.00 filing fee within thirty-five (35) days of the date of this order, the case will be dismissed without prejudice for failure to pay the filing fee.

SO ORDERED.

 May 5, 2005                            /s/ Douglas P. Woodlock
DATE                                   UNITED STATES DISTRICT JUDGE

---

quotation marks omitted) (alteration in original)), <u>with</u> <u>Bright v. Hickman</u> 96 F. Supp. 2d 572, 575 (E.D. Tex. 2000) (granting application to proceed <u>in forma pauperis</u> where plaintiff earned $890 per month, supported herself and two sons, and had $40 cash in hand).