IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

KEITH D. WASHINGTON                                  Docket # 05cv10619DPW
   **Plaintiff**

        Vs
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ('EEOC") et al;
        **Defendant(s)**

Certificate of Service
1. Plaintiffs SUPPLEMENTAL MEMORANDUM IN SUPPORT
   FOR EQUITABLE TOLLING

Plaintiff, Keith D. Washington, hereby certifies that on/or about June 8, 2005, he caused a true copy of the above referenced documents to be delivered by prepaid 1st class U.S. Postage as follows:

| Robert L. Sanders, Area Director<br>U.S. EEOC-Boston<br>JFK Federal Building [Room 475]<br>Boston, MA. 02203 | Edith Kessler, Investigator<br>U.S. EEOC-Boston<br>JFK Federal Building [Room 475]<br>Boston, MA. 02203 |
|---|---|
| Hon. Cari M. Dominquez, Chair<br>Hon. Noami C. Earp, Vice Chair<br>Hon. Leslie E. Silverman<br>Hon. Stuart J. Ishimaru, Commissioner<br>Eric Dreiband, General Counsel<br>U.S. Equal Employment Opportunity Commission<br>1801 L. Street NW<br>Washington, D.C. 20507 | Office of the Solicitor General<br><br>950 Pennsylvania Ave., NW<br><br>Washington, D.C. 20530-0001 |

Submitted: June 8, 2005

By: Keith D. Washington, *pro se*
Plaintiff-Appellant
6265 Magnolia Ridge
Stone Mountain, Georgia 30087
Tel: 770 465 4088

Mr. Keith D. Washington
6265 Magnolia Rdg
Stone Mtn GA 30087

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEITH D. WASHINGTON, *PRO SE*<br>**Plaintiff**<br>V.<br>(1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ("EEOC") in their official capacities;<br>(2) CARI M. DOMINGUEZ, in her official capacity as Chair of the Equal Employment Opportunity Commission;<br>(3) ROBERT L. SANDERS, in his individual and official capacity as, EEOC-Director Boston Area;<br>(4) EDITH KESSLER, in her individual and official capacity as Investigator at EEOC-Boston,<br>**Defendants** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: No. 05cv10619DPW |

## PLAINTIFF SUPPLEMENTAL MEMORANDUM
## IN SUPPORT FOR EQUITABLE TOLLING

Plaintiff, Keith D. Washington, *pro se*, represents that he is entitled to equitable tolling under 1st Circuit guidelines due to clear misrepresentations by counsel for EEOC regarding potential liability, as follows:

| DATE | AUTHOR | MISREPRESENTATION |
|---|---|---|
| 06/25/02 | T.J. Schlageter, Asst. Legal Counsel | "You cannot sue the EEOC for damages...." |
| 04/29/04 | P. Mastroianni, Assoc. Legal Counsel | "Due process rights do not apply to EEOC proceedings" |
| 03/10/05 | T.J. Schlageter, Asst. Legal Counsel | "You do not have further rights to a name clearing hearing at this time" |

EEOC exceeded their statutory authority by adjudicating a dispute between employer and employee; their conduct clearly violated Plaintiff's constitutional right to name-clearing hearing: As early as 1972, in *Board of Regents v. Roth, 408 U.S. 564, 573(1972)*, the United States Supreme Court established that a terminated employee has a **constitutional based *liberty interest*** in clearing his name when stigmatizing information regarding the reasons for termination is publicly disclosed. Failure to provide a "name-clearing" hearing in such a circumstance is a violation of the …. **due process clause**. The United States Supreme Court has affirmed "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau, 400 U.S. 433, 437*. EEOC without benefit of depositions, answers to interrogatories, admissions on file, affidavits, live testimony or oral argument, although multiple material facts were in dispute, published stigmatizing information regarding the reasons for Plaintiff's involuntary separation from State Street Bank & Trust Company, which is disputed. Publication of stigmatizing information in this case occurred when EEOC published it's memorandum and findings, accepting hotly disputed allegations by counsel for State Street Bank & Trust Company, *made only after the compliant was filed*, as fact.

Submitted: June 8, 2005

_____
By: Keith D. Washington, pro se, Plaintiff

**ATTACHMENTS**
**Exhibits A - C**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507

JUN 2 5 2002

Ⓐ

[addressee] C. Washington
[address] Magnolia Ridge
[city] Mountain, Georgia 30087

Dear Mr. Washington:

This letter is in response to your May 14, 2002 correspondence sent to Rance A. Quinn, Supervisory Investigator in our Boston Area Office with regard to a discrimination charge you filed with the Equal Employment Opportunity Commission ("EEOC") against your former employer. In your letter you accuse the EEOC of failing to exercise "reasonable care" in handling your complaint. It appears that you are dissatisfied with EEOC's processing and determination of your discrimination charge. You indicate that you will file a lawsuit against the EEOC unless "we can reach a mutually agreeable resolution to this matter." You have enclosed a draft of such complaint.

If you are dissatisfied with the Commission's actions on your charge, you have two remedies. You can ask the Director of the Boston Office to reconsider his determination under 29 C.F.R. 1601.19(b) or you can sue the alleged discriminatory employer. In a suit against the employer, you can obtain all the relief to which you are entitled under employment discrimination statutes.

You cannot sue the EEOC for damages arising out of your dissatisfaction with EEOC's investigation or determination on your charge. Courts have uniformly held that they lack jurisdiction over such claims and that they cannot provide relief for such claims. *Francis-Sobel v. Equal Employment Opportunity Comm'n*, 597 F.2d 15 (lst Cir. 1979), *cert. denied*, 444 U.S. 949 (1979); *Feldstein v. Equal Employment Opportunity Comm'n*, 547 F.Supp. 97 (D. Mass. 1982); *Pearlswig v. Randolph*, 497 F. Supp569 (D. Mass. 1980).[1]

Thus, there is no cause of action against the EEOC for a charging party's dissatisfaction with the Agency's investigation and determination of a discriminatory charge. However, if you are dissatisfied with EEOC's handling of your charge you can petition the Director of the Boston Area Office for a reconsideration of your case or file suit against the alleged discriminatory employer.

---

[1] *Accord, Scheerer v. Rose State College*, 950 F.2d 661 (l0th Cir. 1991); *McCottrell v. EEOC*, 726 F2d 350 (7th Cir. 1984); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F3d 2 (2nd Cir. 1997); *Ward v. Equal Employment Opportunity Comm'n*, 719 F2d 311 (9th Cir. 1983), *cert. denied*, 466 U.S. 953 (1984); *Gibson v. Missouri Pac RR*, 579 F2d 890, 891, *cert.denied*, 440 U.S. 921 (5th Cir. 1978); *Georator Corp. v. Equal Employment Opportunity Comm'n*, 592 F.2d 765 (4th Cir. 1979); *Hall v. Equal Employment Opportunity Comm'n*, 456 F.Supp. 695 (N.D. Cal. 1978).

This matter was assigned to Cynthia Rivera who can be reached at (202) 663-4642.

Sincerely,

Thomas J. Schlageter
Assistant Legal Counsel



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507



Office of
Legal Counsel

APR 2 9 2004

Mr. Keith D. Washington
6265 Magnolia Ridge
Stone Mountain, Georgia 30087

Re: Your March 1, 2004 correspondence

Dear Mr. Washington:

Thank you for your letter dated March 1, 2004 to Chair Cari M. Dominguez concerning the charge of employment discrimination you filed with the Equal Employment Opportunity Commission (EEOC) against State Street Bank & Trust Company. The Chair has asked this office to respond directly to you.

You requested a "name-clearing" hearing and criticized a "Letter" which the EEOC placed in your charge file on May 27, 1998, although you did not forward a copy of the specific letter which is the subject of your criticism. We assume that you are referencing the EEOC's Letter of Determination by which the EEOC stated its conclusion regarding your charge of employment discrimination. While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce. Our conclusions regarding particular charges are placed in those charge files and we are statutorily required to notify the Charging Party and the Respondent of our determination. 42 U.S.C. § 2000e-5(b).

Due process rights do not apply to EEOC proceedings. As you noted, the EEOC does not adjudicate. EEOC merely determines whether there is reasonable cause to believe that discrimination occurred. Its reasonable cause determinations are not binding. Only a court can determine whether the anti-discrimination law was violated and impose liability. Numerous courts have held that due process claims cannot be brought against the EEOC or any other federal agency when an agency does not adjudicate and a claimant may seek *de novo* review of his or her claim in federal court. *Storey v. Rubin*, 976 F.Supp. 1478, 1485 (N.D. Ga.. 1997). Accord, *McCottrell v. Equal Employment Opportunity Comm'n*, 726 F.2d. 350, 351 n.1 (7th Cir. 1984); *Stewart v. EEOC*, 611 F.2d 679, 680 n.2 (7th Cir. 1979); *Francis-Sobel v. University of*

*Maine*, 597 F.2d. 15, 18 (1st Cir. 1979); *Kuser v. Equal Employment Opportunity Comm'n*, 18 Fair Empl. Prac. Cas. (BNA) 1011 (D. Md. 1979); *Hall v. Equal Employment Opportunity Comm'n*, 456 F.Supp. 695 (N.D. Cal. 1978); *Cf. Georator Corp. v. Equal Employment Opportunity Comm'n*, 592 F.2d 765 (4th Cir. 1979). The EEOC's final determination letter you received explained your right to pursue the matter against State Street Bank & Trust Company in court within 90 days of your receipt of the dismissal notice. The judicial decisions which you cited in your March 1 letter do not address the EEOC's statutory procedures, nor do they suggest that the EEOC acted improperly with respect to your charge against State Street Bank & Trust Company.

We hope that this information is helpful to you. We regret that there is nothing more that the EEOC can do to assist you in this particular matter.

Sincerely,

Peggy R. Mastroianni

Peggy Mastroianni
Associate Legal Counsel



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507



Office of
Legal Counsel

MAR 1 0 2005

Mr. Keith D. Washington
6265 Magnolia Ridge
Stone Mountain, Georgia 30087

Re: Your request for a "name clearing" hearing

Dear Mr. Washington:

This letter responds to your February 3, 2005 request that the EEOC hold a "name clearing" hearing for you through the appointment of an Administrative Judge. You reference a discrimination charge against your former employer (#16C9733961), a charge which was investigated and closed by the EEOC in 1998. There is no statutory or other authority for the EEOC to hold what you call a "name clearing" hearing at this point.

As explained in the EEOC's September 9, 2004 denial of your administrative claim, the EEOC's allowed you, as the charging party, to provide information which you deemed supportive of your claim during the EEOC's investigation of your charge. After the EEOC completed its investigation and made its determination, you had the right to file a lawsuit against your employer in federal court based upon your discrimination charge, a lawsuit which would have allowed you to contest your employer's allegations of misappropriation. The EEOC's investigative actions and determination were not binding upon you because of your right to file such a lawsuit against your employer. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974).

You do not have further rights to a "name clearing" hearing at this time. We regret your continued dissatisfaction with the outcome of your 1998 employment discrimination charge. We hope that this information is helpful to you, but regret that there is nothing further the EEOC can do to assist you in this particular matter.

Sincerely,

Thomas J. Schlageter
Assistant Legal Counsel