# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH D. WASHINGTON, *PRO SE*<br>    *Plaintiff*<br>V.<br>(1)   EQUAL EMPLOYMENT<br>     OPPORTUNITY COMMISSION,<br>     ("EEOC") in their official<br>     capacities;<br>(2)   CARI M. DOMINGUEZ, in her<br>     official capacity as Chair of the<br>     Equal Employment Opportunity<br>     Commission;<br>(3)   ROBERT L. SANDERS, in his<br>     individual and official capacity as,<br>     EEOC-Director Boston Area;<br>(4)   EDITH KESSLER, in her<br>     individual and official capacity as<br>     Investigator at EEOC-Boston,<br>    *Defendants* | Case No.: No. 05cv10619DPW |

**PLAINTIFF'S MEMORANDUM IN OBJECTION TO DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLIANT**

### BACKGROUND

Title VII provides that the EEOC "shall make an investigation" of a charge filed, see 42 U.S.C. § 2000e-5(b), it does not prescribe the manner for doing so. "The nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency." E.E.O.C. v. Keco Industries, Inc., 748 F.2d 1097, 1100 (6th Cir. 1984) (citing E.E.O.C. v. St. Anne's Hospital, 664 F.2d 128 (7th Cir. 1981); E.E.O.C. v. General Electric Co., 532 F.2d 359 (4th Cir. 1976); E.E.O.C. v. Chicago Miniature Lamp Works, 526 F.Supp. 974 (N.D. Ill. 1981)). This is not in dispute.

The factual basis of Plaintiff's claim is that while the EEOC clearly acknowledges it did not investigate Washington's discrimination charge, they published, in concert with MCAD, as fact, unsupported, hotly disputed stigmatizing statements, without providing any opportunity for a name clearing hearing, based on the self-serving unsupported hearsay allegations made by counsel for State Street Bank & Trust Company[1]. Plaintiff asserts this represents a deprivation of his constitutionally protected liberty interest in clear violation of the due process clause of the Fifth Amendment and in violation of 42 U.S. 1981 and 1985.

## SUBJECT MATTER JURISDICTION

This action was filed in this jurisdiction in the interest of judicial economy, since the issues that give rise to this litigation occurred in this jurisdiction, the key Defendants Edith Kessler and Robert L. Saunders, work in this district, and this Court relied on the findings of EEOC-Boston, in it's dismissal as untimely filed, of complaint 98-11868 currently under appeal. Plaintiff has alleged in his currently pending Writ of Mandamus and Appeal that this Courts, in the adjudication of his previous complaints, has usurped the Constitution and abused it's discretion by ignoring clearly established federal law, as determined by the U.S. Supreme Court, accordingly Plaintiff has no objection to this Compliant being moved to the Federal Circuit, Washington D.C. This will allow Plaintiff the opportunity to fully comply with the Federal Rules regarding service of process.

## PLAINTIFF'S COMPLIANT STATES A VALID CLAIM UNDER

28 U.S.C. 1343 confers jurisdiction where a federal cause of action is provided by one of the substantive sections of the Civil Right's Act. *Ellis v. Cassidy, 625 F2d 227, 229 (9th Cir. 1980)*. Plaintiff's allegations contained on page 24 of his First Amended Complaint, clearly allege damages in furtherance of a conspiracy under 42 U.S.C. 1985, which clearly grants the district court jurisdiction under 42 U.S.C. 1343 (1) (2) & (4). Due to a clearly obvious typing error 42 U.S.C. 1983, was inadvertently referenced as the applicable statue, rather than 42 U.S.C. 1985. With this Court's permission, Plaintiff has attached corrected pages" which corrects this typo.

---

[1] Plaintiff asserts that these unsupported, hearsay allegations, made only after a compliant has been filed, by State Street Bank & Trust Company represent illegal retaliation under Title VII; ADEA and ADA., that is reasonably likely to chill the exercise of protected rights. See; *Berry v. Stevinson Chevrolet, 74 F.3d 980 (10th Cir. 196); Durham Life Ins. Co. v. Evans, 166 F. 3d 139 (3rd Cir. 1999); Aviles v. Cornell Forge Co., 183 F.3d 598 (7th Cir. 1999)*.

Plaintiff's compliant is not frivolous and states a clearly defined federal cause of action under the Fifth Amendment for which damages are recoverable upon proof of injuries resulting from the Defendant's violation of the Amendment, accordingly Defendant's Motion for Dismissal should be denied.

4 August 2005

_____
KEITH D. WASHINGTON, PRO SE
6265 MAGNOLIA RIDGE
STONE MOUNTAIN, GEORGIA 30087
TEL: 770 465 4088
EMAIL: kdwash@aol.com

**ATTACHMENTS:**
FIRST AMENDED COMPLIANT
CORRECTED PAGES: (1)(2)(24)

I hereby certify that a true copy of the above document with attachments was served upon, counsel of record, James G. Allison, Equal Employment Opportunity Commission, 1801 L. Street, NW, Washington, D.C. 20507, by prepaid United States Certified Mail # 7003 3110 0000 5659 5294, on or about 4 August 2005.

_____
KEITH D. WASHINGTON

*Correction*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH D. WASHINGTON, **PRO SE** <br> **Plaintiff** <br> V. <br> (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ('EEOC") in their official capacities; <br> (2) CARI M. DOMINGUEZ, in her official capacity as Chair of the Equal Employment Opportunity Commission; <br> (3) ROBERT L. SANDERS, in his individual and official capacity as, EEOC-Director Boston Area; <br> (4) EDITH KESSLER, in her individual and official capacity as Investigator at EEOC-Boston, <br> **Defendants** | Case No.: No. 05cv10619DPW <br><br> **FIRST AMENDED COMPLIANT FOR:** <br><br> (1) DEPRIVATION OF LIBERTY AND THE PRIVILEGES AND IMMUNITIES OF UNITED STATES CITIZENSHIP IN VIOLATION OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUION; <br><br> (2) VIOLATION OF THE EQUAL PROTECTION CLAUSE AND PRIVILEGES AND IMMUNITIES CLAUSE OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION; <br><br> (3) VIOLATION OF 42 U.S.C. SECTION 1981; <br><br> (4) VIOLATION OF 42 U.S.C. SECTION 1985 (1)(2)(4) <br> (5) NEGLIGENCE <br> (6) PROMISSORY ESTOPPEL; <br><br> (7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS <br><br> (8) NEGLIGENT MISRESPENTATION |

## COMPLIANT

**Plaintiff**, Keith D. Washington, alleges as follows:

## STATEMENT OF JURISDICTION

1. This action arises under the Fifth Amendment to the Constitution of the United States; the Civil Rights Act of April 9, 1866, 14 Stat. 27, currently codified at 42 U.S.C. section 1981; the Civil Rights Act of April 20,1871,Stat. 13, currently codified at 42 U.S.C. Sections ~~1983~~, 1985(1)(2)(4). Jurisdiction is based on 28 U.S.C. sections 1331, 1343, and 1367.

## JURISDICTIONAL PREQUISITIES

2. Federal Tort Claims Act ("FTCA")
Through the enactment of the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts or omissions of its agents who act within the scope of their employment.

3. Constitutional And State Law Violations
Plaintiff's claim under FTCA alleges conduct that violates the Constitution as well as laws of the Commonwealth of Massachusetts. [FDIC v. Meyer, 114 S. Ct. 996, 1001 (1994). Since publication of it's erroneous findings, Plaintiff, in his individual capacity, has filed multiple complaints with the EEOC in an effort to resolve this matter without litigation all unsuccessful. Plaintiff's administrative claim to EEOC, dated April 12, 2004, was denied in a letter dated September 9,2004, in a letter from Leonora L. Guarraia, Chief Operating Officer. Reconsideration of Washington's tort claim was again denied by letter dated December 7,2004. Instant compliant is filed within the six-month applicable period of both letters.

## HISTORICAL OVERVIEW OF THE CIRCUMSTANCES
## THAT PRECIPATED THIS SUIT

### Plaintiff And Defendants

4. **Plaintiff**, a 58 year old, African American, United States Citizen, honorably discharged, highly decorated Vietnam combat veteran, with a 50-year impeccable personal and professional record, within the global financial services industry, is not a public figure and is currently a resident of Stone Mountain, Georgia. Plaintiff brings

84. Defendants, with deliberate indifference and on the basis of race, failed to protect Plaintiff from ongoing civil rights violations and retaliation by employees and agents of State Street Bank & Trust Company, failed to equally enforce the laws and branded Plaintiff as a thief, based on unsupported allegations.

85. Defendants' failure to aid in preventing the commission of race based discriminatory conduct by employees and agents of State Street Bank & Trust Company exacerbated the illegal discriminatory conduct and led to further wrongs against Plaintiff.

86. Defendants did not treat white citizens in the same or similar manner to Plaintiff.

87. As a consequence, Plaintiff has sustained injuries in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF U.S.C. SECTION 1985 (1)(2)&(4)
### (AGANIST ALL DEFENDANTS)

88. Plaintiff repeats and re-alleges the above allegations, as if fully set forth herein.

89. Defendants conspired to deprive Plaintiff of the equal protection of the laws and equal privileges and immunities under the laws, thereby injuring Plaintiff.

90. In furtherance of this conspiracy, Defendants, ignored Plaintiffs request to be heard, accepted as fact the self-serving pleadings of state Street, refused to review dispositive documentary evidence supporting Plaint's compliant and clearly establishing fraudulent misrepresentation by employees and agents of State Street Bank & Trust Company.

91. Plaintiff was deprived of his federal rights under Title VII, ADEA and ADA, pursuant to Defendants policy and practice of accepting the investigative results of MCAD and pleadings of State Street as fact. This policy and practice was adopted with reckless or callous indifference to Plaintiff's federally protected rights, and causally connected to violations of federal law described below.

92. By accepting MCAD flawed investigative findings as fact, Defendants permitted Plaintiff to be deprived of his "liberty

FIRST AMENDED COMPLIANT - 24