# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

KEITH D. WASHINGTON, *PRO SE*                )    **Case No.: No. 05cv10619DPW**
        *Plaintiff*                )
    *V.*                )
  *(1)*  *EQUAL EMPLOYMENT*                )
      *OPPORTUNITY COMMISSION,*                )
      *('EEOC") in their official*                )
      *capacities;*                )
  *(2)*  *CARI M. DOMINGUEZ, in her*                )
      *official capacity as Chair of the*                )
      *Equal Employment Opportunity*                )
      *Commission;*                )
  *(3)*  *ROBERT L.SANDERS, in his*                )
      *individual and official capacity as,*                )
      *EEOC-Director Boston Area;*                )
  *(4)*  *EDITH KESSLER, in her*                )
      *individual and official capacity as*                )
      *Investigator at EEOC-Boston,*                )
      *Defendants*                )
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )
_____    )

## SUPPLEMENT TO:
### PLAINTIFF'S MEMORANDUM IN OBJECTION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLIANT WITH EXHIBITS A-B

Plaintiff asserts the attached Exhibits A-B, the authenticity of which are not subject to dispute, establishes, beyond any reasonable doubt the following facts:

1. EEOC declined to investigate Plaintiff's discrimination compliant and relied on the hotly disputed, self-serving, stigmatizing representations from counsel for State Street Bank & Trust Company to support their conclusions.

2. In violation of federal law as determined by the U.S. Supreme Court, EEOC published hotly disputed stigmatizing information about Plaintiff, without proving him any opportunity for a "name clearing hearing".

3.  To defeat Plaintiff's claims, counsel for State Street Bank & Trust Company
    obstructed the investigations of both agencies by misrepresenting critical facts and
    omitting material information, such as[1]:

    a.  Plaintiff's last paycheck was delivered on/or about October 9,1996.

    b.  Plaintiff, <u>was not terminated for cause</u> and was paid Unemployment
        Compensation under Massachusetts General Laws.

    c.  Severance benefits are part of the "<u>*terms conditions and privilege's*</u>" of
        employment at State Street Bank & Trust Company.

    d.  The contractual terms of Plaintiff's separation "<u>by mutual agreement</u>",
        entitling him to enhanced severance benefits consistent with his position
        as a senior vice president.

## Equal Protection Claim

The Equal Protection Clause ensures that: "<u>all persons similarly situated should be treated</u>
<u>alike.</u>" *City of Cleburne v. Cleburne Living Ctr, Inc.* 473 U.S. 432 U.S. 432, 439 (1985).
This equal protection guarantee protects not only groups, but individuals who constitute a
"<u>class of one.</u>" *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In instant case,
Plaintiff's equal protect claim against Defendants, is based on the selective enforcement
of Title VII; ADEA and ADA, anti-discrimination laws. Plaintiff asserts Defendants
rationale for declining to investigate Plaintiff's discrimination complaints is a pretext for
an impermissible motive. Plaintiff contends his EEOC compliant, which alleged a pattern
and practice of unequal compensation[3], illegal denial of severance benefits, hostile work
environment and violations under ADA was sufficient to create a triable issue of material
fact regarding whether his compliant was (1) singled out for unique investigative and
enforcement treatment; (2) Defendant's "Kessler" and 'Saunders" actions were arbitrary
or irrational; and (3) the proffered basis for dismissal of Plaintiff's compliant as untimely,

---

[1] EEOC Amicus Brief: *Gustafson, Inc v. Roger Bunch* 5th Cir Docket # 99-11289position: "…federal anti-discrimination statues prohibit all retaliation that is reasonably likely to chill the exercise of protected rights, even if retaliation does not consist of an adverse employment action."
[2] Under the ADEA, it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individuals age."
[3]: EEOC Amicus Brief: *Cardenas v. State of New Jersey Docket # 00-5225* "Each payment of an allegedly discriminatory wage is a separate violation of Title VII that may be challenged when the payment continue into the limitations period."

was contrary to established law as determined by the U.S. Supreme Court and in conflict
with the well documented legal positions established by EEOC-General Counsel.

6 August 2005

KEITH D. WASHINGTON, PRO SE
6265 MAGNOLIA RIDGE
STONE MOUNTAIN, GEORGIA 30087
TEL: 770 465 4088
EMAIL: kdwash@aol.com

ATTACHMENTS:
Exhibit A: EEOC Dismissal Notice
        B: EEOC Letter to Plaintiff

I hereby certify that a true copy of the above document with attachments, A-B, was
served upon, counsel of record, James G. Allison, Equal Employment Opportunity
Commission, 1801 L. Street, NW, Washington, D.C. 20507, by prepaid 1st Class United
States Certified Mail  # 7003 3110 0000 5659 5263, on or about 6 August 2005.

KEITH D. WASHINGTON



## DISMISSAL AND NOTICE OF RIGHTS

To:Keith D. Washington
3040 Clairmont Road, Apt. E
Atlanta, GA 30329

From: Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Building
Fourth Floor, Room 475
Boston, MA 02203

[   ]    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C973396 | Leonard B. Moore, Supervisor | 617-565-3192 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[   ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[   ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[   ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ X ]    We cannot investigate your charge because it was not filed within the time limit required by law. Termination,wages,

[   ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[   ]    While reasonable efforts were made to locate you, we were not able to do so.

[   ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. Retaliation

[   ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[   ]    Other *(briefly state)*  _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

JUN - 4 1998

Enclosure(s)

Robert L. Sanders, Area Director

*(Date Mailed)*

cc:    Patricia A. Granger, Esq. Masterman, Culbert & Tully LLP



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Room 475, 4th Floor
Boston, MA 02203-0208
PH: (617) 565-3200
TDD: (617) 565-3204
FAX: (617) 565-3196

May 27, 1998

Keith D. Washington
3040 Clairmont Road, Apt E
Atlanta, GA 30329

Re: Charge No. 16C973396, Keith D. Washington v State Street Bank & Trust

Dear Mr. Washington :

This letter is being sent to inform you that this office has investigated the charge of employment discrimination you filed and will be issuing its determination as to whether there has been a violation of the laws enforced by the Equal Employment Opportunity Commission.

A summary of your allegations(s), the evidence gathered during the investigation, and the recommended findings follow:

You alleged that you were discriminated against because of your age (DOB 2/1/47) in violation of the Age Discrimination in Employment Act (ADEA), your race and color, black, in violation of Title VII, and your disability, stress disorder, in violation of the Americans with Disabilities Act (ADA). In addition you alleged that you were retaliated against in that you were denied a severance package.

Evidence indicates that allegations regarding termination, wages and other issues are untimely. This commission has the authority to investigate charges of harm that occurred within 300 days of the date of filing. You filed the above cited charge on July 25, 1997. For this charge, the 300 day jurisdictional time period extends from July 25, 1997 to September 28, 1996. Therefore harm would have to have occurred during that period. The date you resigned, September 9, 1996, was prior to that period. Further, the alleged date of harm, when you were given the option to be terminated or resign, was even earlier, August 15, 1996.

The events that followed your termination and fall into the 300 day period are those that involve your demands for a severance package and Respondent's demand that you repay money you improperly appropriated. The issues do not constitute retaliation. You had not previously filed an action alleging discrimination based upon race/color, age and disability to which there was a causal connection. Months after termination you demanded a severance package (two years of salary, moving expenses, two years medical, life insurance, membership in a health club, a laptop

computer, the cash value of out placement services). Neither the timing or the conditions meet Respondent's policy governing conditions appropriate for severance. Further, Respondent had no obligation to extend benefits especially to someone whose resignation was requested because of misappropriation of funds. Finally, the last violation date on your charge, February 13, 1997, is the date Respondent sent you a Promissory Note for repayment of travel advances of $30,475 which you had apparently used for your own "personal expenditures". Respondent's requirement that you repay the money is legitimate, should have been expected, and doesn't constitute retaliation.

There is no indication that age, race, color, or disability or retaliation was applicable to any decision made by Respondent. The evidence does not support your allegations of unlawful discrimination

Your Notice of Dismissal and Right to Sue (NRTS) is included with this letter. Following this dismissal you may only pursue this matter by filing suit against the employer named in your charge within 90 days of receipt of NRTS. Otherwise your right to sue will be lost.

Sincerely,

Edith Kessler

Edith Kessler, Investigator