```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


KEITH D. WASHINGTON,                    )
      Plaintiff,                        )    CIVIL ACTION NO.
                                        )    05-10619-DPW
          v.                            )
                                        )
EQUAL EMPLOYMENT OPPORTUNITY            )
COMMISSION, ("EEOC") IN THEIR           )
OFFICIAL CAPACITIES;                    )
CARI M. DOMINGUEZ, IN HER OFFICIAL      )
CAPACITY AS CHAIR OF THE EEOC;          )
ROBERT L. SANDERS, IN HIS               )
INDIVIDUAL AND OFFICIAL CAPACITY AS     )
EEOC-DIRECTOR BOSTON AREA;              )
EDITH KESSLER, IN HER INDIVIDUAL        )
AND OFFICIAL CAPACITY AS                )
INVESTIGATOR AT EEOC-BOSTON,            )
      Defendants.                       )
```

MEMORANDUM AND ORDER
November 7, 2005

This is the most recent in a series of actions brought by the plaintiff against various parties seeking damages arising out of his termination of employment at State Street Bank and Trust Company ("State Street"). In this case, the plaintiff seeks to raise claims that the Equal Employment Opportunity Commission committed acts creating liability under the Federal Tort Claims Act and violated the plaintiff's constitutional rights in its investigation of his claims of discrimination by State Street. While it appears that this court is without a jurisdictional basis to consider the plaintiff's claims, that the claims are untimely brought, that immunity is available to the defendants, and that the acts complained about do not fall within the scope of the Federal Tort Claims Act, the case law is settled that, as

a general proposition, claims such as these are not cognizable on the merits.  See, e.g., Francis-Sobel v. University of Maine, 597 F.2d 15 (1st Cir. 1979), cert. denied, 444 U.S. 949 (1979); see also Newsome v. EEOC, 301 F.3d 227 (5th Cir. 2002); Baba v. Japan Travel Bureau International, Inc., 111 F.3d 2 (2nd Cir. 1997); Ward v. EEOC, 719 F.2d 311 (9th Cir. 1983); Stewart  v. EEOC, 611 F.2d 679 (7th Cir. 1979); Georator Corp. v. EEOC, 592 F.2d 765 (4th Cir. 1979).

    Accordingly, the Clerk is directed to DISMISS this action.

                              /s/ Douglas P. Woodlock
                              _____
                              DOUGLAS P. WOODLOCK
                              UNITED STATES DISTRICT JUDGE